## ALEXANDER COUNTY NATIONAL BANK AND NEW YORK STORE MERCANTILE COM-PANY, Appellants, v. FOSTER et al., Respondents.

### St. Louis Court of Appeals, April 16, 1907.

1. **BILLS AND NOTES: Foreclosure of Mortgage: Prima Facie Case.** In an. action on promissory notes and to foreclose a mortgage on real estate given to secure the same, the evidence is examined and held there is substantial evidence that the notes were given for goods to be thereafter shipped and that such goods were never shipped, and therefore there was a failure of consideration.

2. **RES JUDICATA: Identity of Subject-Matter.** A judgment cancelling a mortgage on the ground of fraud which described the property as certain lots "in the town of Harviell," but identified the mortgage by naming the parties, giving its date and the book and page of its record, was a bar to a subsequent action between the same parties to foreclose the mortgage which described the lots as being in "Allen's addition to the town of Harviell."

3. ———: **Identity of Parties.** An action on promissory notes where the payee, plaintiff, was merely a nominal party and had no substantial interest in the notes, is barred by a former judgment canceling the notes, between the same defendants, makers of the notes and the real owner of the notes.

Appeal from Butler Circuit Court.—*Hon. J. C. Sheppard*, Judge.

AFFIRMED.

*C. L. Keaton* for appellants.

In the action of Foster v. Mercantile Co., to set aside the notes and mortgage pleaded in the answer was and is absolutely void and no defense whatever. The business arrangement and course of business between plaintiffs by which plaintiff bank became the owner of the notes is no defense and no concern of defendant. Guerney v. Moore, 131 Mo. 668; Howe v. Mittelberg, 96

Bank v. Foster.

Mo. App. 492; Landou v. Cottrell, 159 Mo., 315; Gay v. Orcutt, 169 Mo. 406.

*David W. Hill* for respondents.

(1)   The New York Store Mercantile Company, by. and through its agent, C. L. Keaton, Jr., made a false representation of its intention to sell and deliver $500 worth of goods to the Fosters, at the same time fraudulently intending not to do so.   The notes and mortgage therefore were properly avoided by the   court   on   the ground of fraud and misrepresentation.   Clark on Contracts (Hornbook series), 333; Culbertson v. Young, 86 Mo. App. 282; Bidault v. Wales, 20 Mo. 547; Keim v. Vette, 167 Mo. 389; Johnson v. McMurry, 72 Mo. 278; Cannon v. Moore, 17 Mo. App. 92; Carson v. Porter, 22 Mo. App. 179; Bank v. Stanley, 46 Mo. App. 440; Ganz v. Weisenberger, 66 Mo. App. 110.   (2)   The undisputed and unequivocal evidence in this cause conclusively shows that the consideration for the making and delivery of these notes and mortgage has wholly failed and no recovery can be had.   Hacker v. Brown, 81 Mo. 68; Clark on Contracts (Hornbook series), 204.

BLAND, P. J.—The action is on two promissory notes, and to foreclose a mortgage on town lots, in the town of Harviell, county of Butler, Missouri, given to secure the payment of said notes.

Following are copies of the notes:

"ALEXANDER COUNTY NATIONAL BANK,
*Cairo, Ill.*

December 17, 1895.

"One year after date, for value received, we promise to pay to the order of the Alexander County National Bank of Cairo, one hundred and forty-eight dollars and thirty-two cents ($148.32) at the Alexander County National Bank, Cairo, Ill., with interest from date at the rate of seven per cent per annum until paid.

Due Dec. 17, 1896.

J. B. FOSTER.<br>
MARY FOSTER.

"ALEXANDER COUNTY NATIONAL BANK,
*Cairo, Ill.,*

December 17, 1895.

"Eighteen months after date, for value received, we promise to pay to the order of Alexander County National Bank of Cairo, one hundred and forty-eight and thirty-two one hundredths dollars at the Alexander County National Bank of Cairo, Ill., with interest from date at the rate of seven per cent per annum until paid. Due June 17, 1897.

J. B. FOSTER.<br>
MARY FOSTER."

Two separate defenses were pleaded by the answer; first, a total failure of consideration and, second, a plea of *res adjudicata.* The issues were submitted to the court sitting as a jury.

1. No declarations of law were asked or given. After hearing the evidence, the court found for and rendered judgment in favor of defendants. No exception to the admissibility or rejection of testimony were saved on the trial. No point is made as to the sufficiency of the pleadings, or to the regularity of the proceedings, therefore, there is nothing for this court to do but to ascertain whether or not either the one or the other, or both of the special defenses were made out by substantial evidence. It appears from the evidence that defendants are husband and wife and at the time the notes were executed, as partners in business, they were keeping a store at the town of Harviell, Butler county, Missouri. Their stock of goods had run low and they were in debt and without cash to buy new goods to replenish their stock. C. L. Keaton, Jr., was a traveling salesman for the New York Store Mercantile Company, a corporation

doing a wholesale business at Cairo, in the State of Illinois. Keaton took an order from defendants for goods to be delivered by the New York Store Mercantile Company and at the same time took the notes sued on and the mortgage to secure their payment, in payment of the goods to be delivered. The lots described in the mortgage are, "Lots one, two, three, four, five, six, seven, and eight in Allen's addition to the town of Harviell." Both defendants testified that none of the goods for which the notes were given were ever received by them. C. L. Keaton testified the goods were shipped.

John B. Greeney, who testified by deposition, stated that he was secretary and treasurer of the mercantile company, and filed with his deposition, as an exhibit, an abstract of goods billed to defendants, showing the total amount of sales to defendants to be $654.60, and that the last shipment was made on October 3, 1894. The notes sued on are noted in the exhibit as covering the balance of the account, and Greeney testified they were given to close the account. He also testified that no goods were shipped to defendants by the mercantile company after the notes and mortgage were received. This fact is also shown by the exhibit filed with his deposition, therefore, we think that if the notes were given for goods to be shipped, as testified to by both defendants and Keaton, and also by the justice of the peace, who took the acknowledgement of the mortgage, the consideration for which the notes were given failed.

2. Suit was brought in the Butler Circuit Court by John B. Foster and his wife against the New York Store Mercantile Company and C. L. Keaton, Jr., to cancel and set aside the notes and mortgage here sued on, on the ground that they were obtained by fraud and the consideration for which they were given had failed. The cause came on for hearing April 16, 1900, and the court rendered judgment in favor of plaintiffs and cancelled the notes and mortgage. In the judgment the lots are

described as "one to eight, inclusive, in the town of Harviell," instead of describing said lots as in Allen's addition to said town. The judgment, however, identifies the mortgage by naming the parties thereto, its date, the date on which it was filed for record, and the book and page of its record, and also by describing therein the two notes sued upon. Plaintiffs contend that the judgment is no bar to this suit for two reasons: first, because the lots described in the mortgage are not the lots described in the judgment, and second, for the reason the Alexander County National Bank was not made a party to the suit and is not bound by the judgment. There is no merit whatever in the first contention. In respect to the second one, the evidence shows that the Alexander County National Bank was not a party to the suit, and hence was not bound by the judgment, but the evidence further shows that the bank never owned the notes, or either of them, that it had never had the notes, or either of them, in its possession and had no beneficial interest whatever in said notes. Defendants never owed the bank anything and at the time they executed the notes did not notice that the bank was named as payee therein, and made the notes under the impression that they were making them payable to the New York Store Mercantile Company. Keaton testified that O. D. Patier was president of the New York Store Mercantile Company and also president of the Alexander County National Bank, and that the notes were forms of notes used by the Mercantile Company, which, he understood, were deposited by the company in the bank in the regular course of business. Greeney, the secretary of the mercantile company, testified that as such secretary he had charge of the notes and mortgages until they were put in the hands of the company's attorney for collection; so that it affirmatively appears from the evidence furnished by plaintiffs, that the bank did not own the notes and had no interest whatever in them, and never

Manufacturing Co. v. Construction Co.

at any time had either of them in its possession. On this showing, we think the judgment cancelling the notes was a complete bar to a recovery in this action, and affirm the judgment. All concur.